Dissenting Opinion by
Chief Justice MORRISS.
While I agree with the majority opinion in most respects, I would hold that legally and factually sufficient evidence supports the jury finding that termination was in the best interest of the child. For that reason, I respectfully dissent.
Certainly, the determination by the Department of Family and Protective Services (Department) not to remove N.L.D. from Haines’ home rests on its conclusion that removal was not necessary and is evidence that weighs against a best-interest finding, but that determination does not require a jury to agree with the Department’s conclusion. The jury is entitled to weigh all the evidence here, evidence which stands on both sides of the best-interest issue.
I agree that, alone, Haines’ failure to support N.L.D. would not support a best-interest finding. But it is some evidence that, with the other evidence, supports a best-interest finding.
While the evidence of Haines’ failure to take N.L.D. to needed medical appointments, her drug use, and her having been in an abusive relátionship are historical and, thus, not necessarily controlling, the jury is entitled to consider those things in its best-interest deliberations and to weigh such evidence within the purview of its responsibility. The question of whether Haines is to be disqualified from having an ongoing parental relationship with N.L.D. is not based just on evidence mentioned in this paragraph, but, as the Legislature has decided, is a two-part decision: one or more substantive grounds for termination, not here contested, and the best-interest issue, which is to be determined by the fact-finder based on all the evidence.
I would conclude that a reasonable trier of fact could, based on this evidence, form *825 a firm belief or conviction, based on clear and convincing evidence, that termination of Haines’ parental rights to N.L.D. was in N.L.D.’s best interest.